**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF: | ) |
| | ) |
| GOOGLE INC. | ) |
| GOOGLE COMMERCE LTD. | ) C.A. No. _____ |
| GOOGLE GERMANY GMBH AND | ) |
| GOOGLE IRELAND LTD., | ) |
| | ) |
| Applicants. | ) |

**DECLARATION OF NADINE E. HERRMANN IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

1. My name is Dr. Nadine Elisabeth Herrmann. I am a German-qualified attorney (*Rechtsanwältin*), admitted to practice in Germany since 2003. I am also qualified as a solicitor in England and Wales, admitted by the Solicitors Regulation Authority since 18 April 2006, member number 438829. I am a partner of the law firm Quinn Emanuel Urquhart & Sullivan, LLP.

2. On March 10, 2014, Unwired Planet International Ltd. ("UP Ltd.") filed a complaint against Google Inc., Google Commerce Ltd., and Google Germany GmbH ("the German Google defendants"), as well as a number of other defendants, with the Düsseldorf Regional Court, Germany under docket number 4b O 24/14. UP Ltd. asserting that the German Google defendants had – by offering and selling their Nexus phone series – infringed six patents owned by UP Ltd. On the same day UP Ltd. also filed a complaint with the High Court of Justice in London, England under claim number HP 14 B01038 against Google Inc., Google Commerce Ltd., and Google Ireland Ltd. ("the English Google defendants"), as well as a number of other defendants, on substantially the same grounds. The Düsseldorf Regional Court split the case into six separate proceedings, according to the applicable patent-in-suit for each case. The docket numbers are (1) 4b O 95/14, (2) 4b O 96/14, (3) 4b O 97/14, (4) 4b O 98/14, (5) 4b O 99/14, and (6)

4b 0 100/14. The High Court of Justice recently renumbered its case as HP-2014-000005, applicable as of October 1, 2014. The German Google defendants are represented by Quinn Emanuel Urquhart & Sullivan, LLP in the German proceedings whereas the English Google defendants are represented by Bristows LLP in the English proceedings.

Attached as **Exhibit 1** is a true and correct copy of an excerpt of the Statement of Claim in the German proceedings, dated March 10, 2014, as served on the Google defendants by UP Ltd., and attached as **Exhibit 2** is a true and correct copy of an excerpt of the translation of the Statement of Claim in the German proceedings. Attached as **Exhibit 3** is a true and correct copy of the Statement of Claim in the English proceedings, dated March 10, 2014, as served on the Google defendants by UP Ltd.

3. I understand that five of the patents-in-suit have been declared to be standard essential to wireless communication standards UMTS, LTE, and/or GSM ("the Declared SEPs"). I understand that the Declared SEPs were originally owned by Telefonaktiebolaget LM Ericsson ("Ericsson"). Both the German and the English Google defendants believe that Ericsson has licensed the Declared SEPs to Asus, HTC, LG, and Samsung – the original equipment manufacturers ("OEMs") that manufacture the accused Google mobile devices of the Nexus series – and to Qualcomm and Intel, the chipset manufactures whose chipsets are used in the accused Google mobile devices.

Attached as **Exhibit 4** is a true and correct copy of Google's pleading filed in the English proceeding, describing Google's investigations of these potential licenses at ¶¶ 45-50.

4. I understand that on January 10, 2013, Ericsson entered into a Master Sale Agreement with Cluster LLC ("Cluster"), Unwired Planet Inc. ("UP Inc."), Unwired Planet LLC ("UP LLC"), Unwired Planet IP Holdings, Inc. and Unwired Planet IP Manager, LLC whereby

Ericsson would transfer 2,185 patents and patent applications to UP LLC, among them the Declared SEPs.

Attached as **Exhibit 5** is a true and correct copy of a redacted version of this Master Sale Agreement, dated January 10, 2013, as obtained from the SEC website, http://www.sec.gov/Archives/edgar/data/1082506/000119312513012058/d466328dex102.htm. Due to a court order in the English proceedings, I understand that this Master Sale Agreement has been produced for the purpose of the English proceedings but only for inspection by the English Google defendants and their legal representatives in the English proceedings. Under the court order it may not be used or inspected by the legal representatives in the German proceedings. The only publicly available version of this agreement, available on the SEC website as noted above, is heavily redacted.

5. UP Ltd. asserts in its complaints that pursuant to the Master Sale Agreement, on February 11, 2013, Ericsson assigned the Declared SEPs to Cluster, which, I understand, is or has been an indirect subsidiary of Ericsson. Next, on February 13, 2013, Cluster purportedly assigned the Declared SEPs to UP LLC. According to UP Ltd.'s assertions, UP LLC later assigned the patents to UP Ltd.

Attached as **Exhibit 6** is a true and correct copy of the Patent Assignment Agreement dated Feb. 11, 2013 (Annex EIP D03 to the Statement of Claim in the German proceedings). Attached as **Exhibit 7** is a true and correct copy of the Patent Assignment Agreement dated Feb. 13, 2013 (Annex EIP D03 to the Statement of Claim in the German proceedings). Attached as **Exhibit 8** is a true and correct copy of the Patent Assignment Agreement dated Feb. 27, 2014 (Annex EIP D03 to the Statement of Claim in the German proceedings). Attached as **Exhibit 9** is a true and correct copy of the redacted version of the Amended and Restated Operating

Agreement of UP LLC (Ex. 10.1 to Master Sale Agreement), as obtained from the SEC website, http://www.sec.gov/Archives/edgar/data/1082506/000119312513009383/d465773dex101.htm.

Attached as **Exhibit 10** is a true and correct copy of an excerpt of UP Inc.'s 10-K for the Period Ending 6/30/2014, as obtained from the SEC website, http://www.sec.gov/Archives/edgar/data/1082506/000119312514340360/d752386d10k.htm.

6. The German and English Google defendants believe that they may have a license "pass through" defense or an exhaustion defense against UP Ltd.'s allegations that they infringe the SEPs because these patents have been licensed by Ericsson to the OEMs and to Qualcomm and Intel. *See supra*, **Exhibit 4** ¶¶ 45-50. They furthermore believe that Ericsson, Cluster, UP Inc., and UP LLC may each be in possession of copies of these license agreements. The German and English Google defendants believe that the license agreements qualify as encumbrances that would remain with the assignee of the patents under the Master Sale Agreement of January 10, 2013. These license agreements have not been produced to the German or English courts by the OEMs, the chipset manufacturers, or otherwise.

7. I understand that Cluster has its registered office at c/o National Corporate Research, Ltd., 615 South DuPont Highway, Dover, Delaware 19901, United States.

Attached as **Exhibit 11** is an excerpt from the Delaware entities database regarding Cluster, as obtained from the website of the Division of Corporations of the Department of State of the State of Delaware, https://delecorp.delaware.gov/tin/GINameSearch.jsp.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                               */s/ Nadine Elisabeth Herrmann*
                                                                              Nadine Elisabeth Herrmann

Executed in Brussels, Belgium
October 31, 2014
1170744 / 42001